**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DIVISION OF MARYLAND**

| | |
|---|---|
| SHARNESHA STREET ) <br> 3023 FRISBY STREET ) <br> BALTIMORE, MD 21218 ) <br> ) <br> )     CIVIL CASE NO._____ <br> ) <br>        Plaintiff ) <br> ) <br> v. ) <br> ) <br> MAYOR & CITY COUNCIL OF ) <br> BALTIMORE CITY ) <br> 100 N. HOLIDAY STREET, SUITE 101 ) <br> BALTIMORE, MD 21216 ) <br> ) <br> ) <br>    SERVE ON: EBONY THOMPSON ) <br>               100 N. HOLIDAY ) <br>               STREET, SUITE 101 ) <br>               BALTIMORE, MD 21216 ) <br> ) <br> ) <br> and ) <br> ) <br> TERRY LOVE ) <br> 5406 FRANKFORD ESTATES DR. APT.D.) <br> BALTIMORE, MD 21206 ) <br> ) <br> and ) <br> ) <br> BALTIMORE POLICE DEPARTMENT ) <br> 100 N. HOLIDAY STREET ) <br> SUITE 101 ) <br> BALTIMORE, MD 21216 ) <br>    SERVE ON: LISA WALDEN ) <br>               100 N. HOLIDAY STREET ) <br>               BALTIMORE, MD 21216 ) <br>        Defendants ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff Sharnesha Street (hereinafter referred to as "Plaintiff"), by and through her attorneys, Brandon C. James, Esq. and the Law Office of Barry R. Glazer, P.C., hereby files suit against Defendant Mayor & City Council of Baltimore City, the Baltimore City Police Department, and Defendant Officer Terry Love. (hereinafter referred to as "Defendants") and, in support thereof, states as follows:

1. Plaintiff is now, and at all times relevant to this suit, was a resident of Baltimore City, Maryland.

2. Defendant Love, upon information and belief, is now and at all times relevant to this suit, was an employee of Baltimore City, Maryland, as an office of the Baltimore City Police Department.

3. Defendant Mayor & City Council of Baltimore City, is now and at all times relevant to this suit, the City of Baltimore. Defendant Baltimore City Police Department is now and at all times relevant to this suit, the Police Department for Baltimore City.

4. On May 29, 2020, Plaintiff was driving her vehicle towards the intersection of Baltimore St. and Gay St. when she began to experience a medically diagnosed bout of insanity.

5. At the aforementioned date and place, Defendant Love was blocking traffic with his coworker Sgt. G. Higley, during the protests of 2020.

6. Plaintiff began to accelerate her vehicle, attempting to go around the police officers, when they both withdrew their firearms and pointed them at her vehicle.

7. The officers asked the Plaintiff to exit her vehicle.

8. Plaintiff exited her vehicle and sat on the ground next to it.

9. Sgt. Higley then approached the Plaintiff. As he approached Plaintiff, she began to scream that she felt threatened and stood up.

10. As Plaintiff walked towards Sgt. Higley, he attempted to grab her and place her under arrest.

11. Plaintiff began to pull away from the office and started screaming that she did not want to be touched.

12. Eventually, Sgt. Higley was able to grab one of her arms and attempt to place the Plaintiff under arrest.

13. At this time, Plaintiff slapped Sgt. Higley.

14. Defendant Love, who witnessed the Plaintiff slap the Sgt., then suddenly and without warning, struck the Plaintiff from behind with a closed fist. Defendant Love violently and without restraint, struck the Plaintiff in the mouth, knocking her unconscious and causing her to strike her head and body on the pavement.

15. The officers placed the unconscious Plaintiff under arrest.

16. Plaintiff was granted a Probation Before Judgement.

## BALTIMORE CITY'S POLICY REGARDING MENTAL HEALTH

17. In the 2019 consent decree issued by the U.S. Department of Justice, there was a finding that the Police Department responded to behavioral health emergencies that someone with more tailored training could handle.

18. In December 2019, the Behavioral Health System Baltimore, Inc. ("Behavioral Health") created the Baltimore Public Behavioral Health System Gap Analysis which analyzed the Police Department's Crisis Interaction with the citizens of Baltimore. The report analyzed data from 2016 -2018.

19. The report detailed that less than two percent of the Police Department's calls of service were in response to behavioral health emergencies, yet only half of the time were properly trained police officers dispatched to the scene. The report also found that one-third of behavioral health calls occurred during the hours of 6 pm – 6 am.

20. In response, the Police Department created the Crisis Intervention Team Certification in 2021, with the plan of training thirty percent of active-duty patrol officers on behavioral health or

crisis related problems which necessitate a law enforcement response. New Police Department recruits are given a three-day training on crisis intervention.

21. In addition, Baltimore City partnered with the Behavioral Health System Baltimore, Inc.("Behavioral Health"), to perform the function of managing Baltimore City's behavioral health system. Behavioral Health is a non-profit entity which consists of a five-member crisis team which includes police officers and a licensed clinical social worker. According to the Police Department, Behavioral Health staff receive a more intense version of training that is tailored to their specific position.

22. Baltimore City and the Police Department have a policy which does not allow Behavioral Health to respond when there is a weapon involved in the incident.

## COUNT I – STREET V. LOVE
### (Assault)

23. The allegations of fact hereinabove and below are set forth, adopted herein, and made a part hereof, and further,

24. Defendant Love acted with the intent and capability to do bodily harm to Plaintiff.

25. Defendant's actions caused Plaintiff to be in a reasonable apprehension of an imminent battery.

26. As a result of Defendant's conduct and actions, Plaintiff has suffered and will continue to suffer mental anguish and medical and other related expenses.

## COUNT II- STREET V. LOVE
### (Battery)

27. The allegations of fact hereinabove and below are set forth, adopted herein, and made a part hereof, and further,

28. Defendant Love's conduct constituted an intentional touching (or the setting in motion of an event, which resulted in offensive, non-consensual touching) of Plaintiff by Defendant and was undertaken deliberately and with actual or implied malice.

29. As a result of Defendant Love's conduct, Plaintiff suffered substantial damages, including but not limited to, extreme permanent pain and suffering, humiliation, and mental distress.

**COUNT III – STREET V. MAYOR & CITY COUNCIL OF BALTIMORE CITY & THE BALTIMORE POLICE DEPARTMENT**
**(Negligence)**

30. The allegations of fact hereinabove and below are set forth, adopted herein, and made a part hereof, and further,

31. At all times relevant to this Complaint, there was an employment relationship between Defendant Love and Defendant Mayor & City Council of Baltimore City. The breaches of the duty alleged herein were in the scope of Defendant Love's employment.

32. Defendant Mayor & City Council of Baltimore City owed a duty to the public, and the Plaintiff to use due and reasonable care in selecting and retaining only fit, competent, and careful employees and to refrain from retaining the services of unfit employees. Defendant Mayor & City Council of Baltimore City knew or should have known by the exercise of diligence and reasonable care that the Defendant Love was incompetent and capable of inflicting harm of some type. Defendant Love was potentially dangerous and posed and unreasonable threat to the members of the public as would foreseeably come in contact with him.

33. At the time of the occurrence, Defendant Mayor & City Council of Baltimore City had a duty to the public, including the Plaintiff, to exercise due care in the hiring, training, supervision, discipline, and retention of Defendant Love.

34. Defendant Mayor & City Council of Baltimore City were negligent in their duty to properly train and hiring Defendant Love, and breached their duty with respect to Plaintiff by:

    a. failing to exercise due care under the circumstances;

    b. failing to professionally train Defendant Love to ensure the safety of Plaintiff;

    c. failing to enforce adequate policy and procedure to protect Plaintiff from Defendant Love;

d.  negligently hiring Defendant Love as based upon the allegations made herein Defendant Love was very unfit and unbale to carry out a job description of being a Baltimore City Police officer;

e.  failing to properly retain, supervise, discipline, and train Defendant Love.

35. As the direct and proximate result of Defendant Mayor & City Council of Baltimore City aforesaid negligence, Plaintiff suffered serious physical injury, pain and mental distress, as well as humiliation.

36. All of Plaintiff's stated injuries, damages, and losses, were caused solely by the negligence of Defendant Mayor & City Council of Baltimore City by action and inaction, with no negligence or want of due care on the part of Plaintiff contributing thereto.

### COUNT IV- STREET V. MAYOR & CITY COUNCIL OF BALTIMORE CITY & THE BALTIMORE POLICE DEPARTMENT
**(Vicarious Liability)**

37. The allegations of fact hereinabove and below are set forth, adopted herein, and made a part hereof, and further,

38. At all times relevant hereto, Defendant Love was operating as an agent, servant or employee of Defendant Mayor & City Council of Baltimore City, within the scope of his agency.

39. As the direct and proximate result of Defendant Mayor & City Council of Baltimore City vicarious liability for the actions of Defendant Love, Plaintiff suffered serious physical injury, pain, mental distress, and inconvenience.

**WHEREFORE**, Plaintiff Sharnesha Street demands judgment against Defendant Mayor & City Council of Baltimore City and Defendant Officer Terry Love, jointly and severally, in an amount exceeding Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### COUNT V - STREET V. MAYOR & CITY COUNCIL OF BALTIMORE CITY & THE BALTIMORE POLICE DEPARTMENT
(Violation of § 1983)

40. The allegations of fact hereinabove and below are set forth, adopted herein, and made a part hereof, and further,

41. At all times relevant hereto, Defendant Love was operating as an agent, servant or employee of Defendant Mayor & City Council of Baltimore City, within the scope of his agency.

42. Defendants have violated § 1983 of Title 42 of the United States Code by denying Plaintiff the rights, privileges, and immunities guaranteed to her and other citizens by the Constitution of the United States.

43. In arresting Plaintiff, Defendant Love used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest.

44. Plaintiffs arrest was made under the color of authority of Defendant Love, as a Baltimore City Police officer.

45. Defendant Mayor & City Council of Baltimore City owed a duty of care to Plaintiff and to other citizens of Baltimore City, Maryland to protect their Constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

46. As evident by the events alleged herein, the Defendant Mayor & City Council of Baltimore City failed to protect these rights by failing to properly train and supervise its officers with respect to (i) the lawful use of force, (ii) the proper procedures for dealing with a mental health suspect, and (iii) the basis for effectuating an arrest.

47. As a direct and proximate result of Defendants violations of Plaintiff's Constitutional rights and the Defendant's failure to protect its citizen's Constitutional rights, Plaintiff has sustained severe head injuries and has incurred medical bills and other expenses. These injuries have caused Plaintiff pain and suffering, both physical and emotional.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), and for punitive damages in excess of ONE MILLION DOLLARS ($1,000,000.00), with the exact amount to be

determined at trial, together with interest, costs and attorneys' fees, and such other and further relief as this Court deems proper.

### COUNT VI STREET V. MAYOR & CITY COUNCIL OF BALTIMORE CITY & THE BALTIMORE POLICE DEPARTMENT
(Deprivation of Civil Rights, 42 U.S.C. §1983)

48. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

49. Plaintiff further alleges that defendant and defendant's agents, acting under the color of law, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the 4th and 5th Amendments to the Constitution, commit or allow to be committed, acts which deprived Plaintiff of her Constitutional rights without affording him due process of law.

50. As a direct and proximate result of the actions of the defendants, Plaintiff was battered by Defendant Love.

51. Wherefore, plaintiff demands judgment against Defendants for compensatory damages an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), and for punitive damages in excess of ONE MILLION DOLLARS ($1,000,000.00), with the exact amount to be determined at trial, together with interest, costs and attorneys' fees, and such other and further relief as this Court deems proper.

### COUNT VII STREET V. MAYOR & CITY COUNCIL OF BALTIMORE CITY & THE BALTIMORE POLICE DEPARTMENT
(42 U.S.C. 1983 - Due Process)

52. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

53. Defendants were deliberately indifferent and callous in their neglect to Plaintiff's serious medical needs in violation of her rights to due process under the 5th and 14th Amendments of the Constitution of the United States.

54. The defendants' battery of Plaintiff was a proximate cause of Plaintiff's great conscious pain and suffering and incur medical fees and costs.

55. The defendants inflicted unnecessary, malicious and wanton pain and suffering on Plaintiff by battering her. The force used against Plaintiff was not an effort to maintain discipline but was used maliciously and sadistically for the purpose of causing harm.

56. The use of force and the inexcusable neglect against Plaintiff by defendants was in violation of her rights to due process under the 5th and 14th Amendments to the Constitution of the United States and was a proximate cause of his pain and suffering.

57. Wherefore, plaintiff demands judgment against Defendants for compensatory damages an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), and for punitive damages in excess of ONE MILLION DOLLARS ($1,000,000.00), with the exact amount to be determined at trial, together with interest, costs and attorneys' fees, and such other and further relief as this Court deems proper.

Respectfully submitted,

/s/
Brandon C. James
AIS:2101130004
Federal Bar No. 22125
P.O. Box 27166
1010 Light Street
Baltimore, MD 21230
Phone: (410) 547-8568
Fax: (410) 547-0036
Email: Bjames@barryglazer.com
*Attorney for Plaintiff*

## DEMAND FOR PUNITIVE DAMAGES

Plaintiff seeks to assert a claim for punitive damages due to the Defendants' egregious behavior. Defendant Love's actions constitute actual malice due to the clear intent to physically harm the Plaintiff, as seen in the unrestrained brute force of a strike to the face that caused the Plaintiff to lose consciousness.

Punitive damages are appropriate in this case due to the national concern for the issue of police brutality. Police brutality, especially against marginalized individuals, is a crucial matter for society. The importance of eradicating this behavior has been at the forefront of American society for the last decade. Punitive damages are necessary to discourage these actions from the Defendant Love, but also law enforcement across the nation.

The consequences of police brutality extends beyond the immediate victims and leaks into the surrounding community. Defendant Mayor & City Council of Baltimore City needs to hire and train their police officers in a way to ensure they are not contributing the problem. To address the issue of police brutality effectively, it is crucial for law enforcement agencies to take proactive steps, starting with the hiring and training of fit employees.

Punitive damages are appropriate for Defendant Mayor & City Council of Baltimore City in order to encourage more strenuous hiring practices and more complete training programs for the employees of the Baltimore City Police Department. By making an example of Defendant Mayor & City Council of Baltimore City, not only will this encourage them to ensure their employees are adequately trained a fit for the job, but it will also dissuade other law enforcement agencies across the United States from engaging in lackadaisical hiring and training processes.

Police brutality not only undermines the principles of justice but also infringes upon the fundamental human rights of individuals. The behavior of Defendant Love and Defendant Mayor & City Council of Baltimore City erodes the core values of equality and justice that the legal system was

built upon. Police brutality has devasting impacts on not only the individual victim, but the community as a whole.

Plaintiff requests that Defendants pay punitive damages in amount in excess of ONE MILLION DOLLARS (1,000,000.00), in order to dissuade this behavior in the Defendants, the Baltimore City Police Department, and law enforcement as a whole.

Respectfully submitted,

\_\_\_/s/_____
Brandon C. James
AIS:2101130004
Federal Bar No. 22125
P.O. Box 27166
1010 Light Street
Baltimore, MD 21230
Phone: (410) 547-8568
Fax: (410) 547-0036
Email: Bjames@barryglazer.com
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff Sharnesha Street does hereby demand a trial by jury on all counts.

                                                          Respectfully submitted,

                                            _____/s/_____
                                            Brandon C. James
                                            AIS:2101130004
                                            Federal Bar No. 22125
                                            P.O. Box 27166
                                            1010 Light Street
                                            Baltimore, MD 21230
                                            Phone: (410) 547-8568
                                            Fax: (410) 547-0036
                                            Email: Bjames@barryglazer.com
                                            *Attorney for Plaintiff*